United States District Court
Southern District of Texas

**ENTERED**

March 31, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| TRUSTMARK INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 7:24-CV-00147 |
| SANDRA HERNANDEZ and KRYSTAL HERNANDEZ, | § § § | |
| Defendants. | § § § | |

## MEMORANDUM OPINION AND ORDER

Edward L. Hernandez married Sandra Hernandez many years ago. During the course of their marriage, Edward obtained life insurance through Trustmark Insurance Company ("Trustmark") naming his wife as the primary beneficiary and their daughter, Krystal Hernandez, as the contingent or "co-beneficiary." Unfortunately, Edward and Sandra later divorced, and Edward subsequently passed away. Sandra and Krystal Hernandez both believe they are entitled to the life insurance proceeds. Trustmark was caught in the crossfire, so it filed this interpleader action to determine the rightful beneficiary.

Pending before the Court is Krystal Hernandez's First Amended Motion for Summary Judgment. (Dkt. No. 44). For the following reasons, the Court **GRANTS** the Motion.

## I. BACKGROUND

Sandra and Edward L. Hernandez ("Decedent") married on January 15, 1983. (Dkt. No. 51 at 1). During his employment with Fresenius Medical Care North America ("Fresenius"), Decedent obtained a life-insurance policy (the "Policy") through Trustmark as a voluntary-employment benefit. (Dkt. No. 44 at 3, 4). Trustmark issued the Policy on August 19, 2014. (Dkt. No. 1 at 2). In the Policy application, Decedent listed Sandra as the sole primary beneficiary and Krystal as the sole contingent beneficiary. (Dkt. No. 44 at 3); (Dkt. No. 44-3 at 10).

The marriage ended in divorce on June 30, 2022. (Dkt. No. 44 at 1); (Dkt. No. 44-1). The Final Decree of Divorce (the "Decree") awarded Decedent all employee benefits "existing by reason of [his] past, present, or future employment" at Fresenius as his sole and separate property. (Dkt. No. 44 at 2); (Dkt. No. 44-1 at 5). Following Decedent's death in December 2022, (Dkt. No. 1 at 2), both Sandra and Krystal Hernandez claimed the Policy proceeds, (*id.* at 2–3).

Before this federal action, Sandra filed suit in Hidalgo County Court at Law No. 10, seeking the benefits. (Dkt. No. 44 at 1-2). The state court dismissed that case. (Dkt. No. 44-2). Trustmark then filed this interpleader action on April 8, 2024,[1] (Dkt. No. 1), and

---

[1] While neither Party has raised the issue, the Court is required to examine sua sponte the basis for subject-matter jurisdiction. *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004). Trustmark alleged (and the Court agrees) that diversity jurisdiction exists. (Dkt. No. 1 at 2 (citing 28 U.S.C. § 1332)). And Trustmark properly invoked Federal Rule of Civil Procedure 22 to interplead Defendants. (Dkt. No. 1 at 3). Nevertheless, a court may be deprived of jurisdiction if the matter involves probating a will or administering an estate. *See Curtis v. Brunsting*, 704 F.3d 406, 408 (5th Cir. 2013) (citing *Markham v. Allen*, 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946)). To determine whether the probate exception deprives a court of
(continue)

deposited the Policy proceeds into the registry of the court, (*Id.* at 4); (*see also* Dkt. No. 44 at 6–7).

Krystal filed a cross-claim seeking a declaration that she is the sole rightful beneficiary because the divorce disqualified Sandra as a beneficiary under Texas law. (Dkt. No. 44 at 4); (*see also* Dkt. No. 15). Krystal now moves for summary judgment. (Dkt. No. 44). Sandra filed her amended response (with leave), arguing that factual disputes remain regarding "hidden assets" and a pending probate matter. (Dkt. No. 51).

## II.    LEGAL STANDARD[2]

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it could affect the suit's outcome under governing law. *Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). And "[a] dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *TIG Ins. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (quoting *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510). The moving party "always

---

jurisdiction, a court should consider whether the property in dispute is estate property and whether the plaintiff's claim requires the court to assert in rem jurisdiction over the property. *Id.* at 409. As discussed below, *see infra* III, "property passing at death pursuant to terms of a contract, such as provided in [a] life insurance polic[y]" is a non-probate asset. *Valdez v. Ramirez*, 574 S.W.2d 748, 750 (Tex. 1978). Because the dispute is not about estate property, the probate exception does not apply, and the Court has subject-matter jurisdiction. *See Kinder Morgan, Inc. v. Crout*, 814 F.App'x 811, 816 (5th Cir. 2020) (per curiam).

2    Except where noted, this Section contains only undisputed facts, and all facts and reasonable inferences have been construed in favor of the nonmovant. *Renfroe v. Parker*, 974 F.3d 594, 599 (5th Cir. 2020). The Court has not weighed evidence or made credibility findings. *Id.*

bears the initial responsibility of informing the district court of the basis for its motion" and identifying the record evidence that "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).

If the movant meets this burden, the nonmovant must come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(c); *see also Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The nonmovant must "go beyond the pleadings and by [the nonmovant's] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Nola Spice Designs, LLC v. Haydel Enters.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)). "The nonmovant must 'identify specific evidence in the record and . . . articulate the precise manner in which that evidence supports his or her claim.'" *Carr v. Air Line Pilots Ass'n, Int'l*, 866 F.3d 597, 601 (5th Cir. 2017) (per curiam) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). If evidence is merely colorable or not significantly probative, summary judgment is appropriate. *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019) (citing *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2511).

In reviewing a motion for summary judgment, the district court views the evidence in the light most favorable to the nonmovant. *Carr*, 866 F.3d at 601. This means that courts must resolve factual controversies in the nonmovant's favor, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.

## III. DISCUSSION

Krystal argues that Texas law invalidated Sandra's beneficiary designation once the divorce became final. (Dkt. No. 44 at 4–5 (citing Tex. Fam. Code § 9.301)). Krystal also argues that the Decree awarded Decedent all employee benefits "existing by reason of [his] . . . employment" at Fresenius as his sole and separate property. (*Id.* at 6). Since the Policy was an employment benefit, she claims Sandra lost any interest in it. (*Id.*). With Sandra disqualified, the Policy requires payment to the contingent beneficiary— Krystal. (*Id.* at 6–7).

Sandra responds that genuine factual disputes preclude summary judgment. (*See generally* Dkt. No. 51). She explains that the Decree does not specifically address any life-insurance policies. (Dkt. No. 51 at 4–5). She also claims that the Policy constitutes a "hidden asset" that has not been litigated yet, creating a factual dispute regarding the community property. (*Id.* at 1, 4–5). Sandra asserts that a probate matter regarding community-property retirement assets is still being divided, (Dkt. No. 51 at 3); (Dkt. No. 51-1), and that she intends to file a new petition in the appropriate court to address these unlitigated issues, (Dkt. No. 51 at 1). According to Sandra, those proceedings may affect the Parties' rights to the Policy proceeds. (*Id.* at 4).

The Court agrees with Krystal. While Sandra's Response provides legal arguments as to why factual issues exist, it provides almost no evidence to substantiate those arguments. (*See generally id.*).

First, Krystal has offered competent summary-judgment evidence that the Decree awarded Decedent all employment-related benefits. (Dkt. No. 44-1 at 5). The Policy is such a benefit. The application required employment information, including employer name, employer identification number, department, and payroll-deduction details. (Dkt. No. 44-3 at 10).

Second, Krystal has submitted competent summary-judgment evidence that the Policy provision in favor of Sandra is invalid, and that the proceeds should be paid to Krystal. Section 9.301 of the Texas Family Code provides:

> (a) If a decree of divorce or annulment is rendered after an insured has designated the insured's spouse as a beneficiary under a life insurance policy in force at the time of rendition, a provision in the policy in favor of the insured's former spouse is not effective unless: (1) the decree designates the insured's former spouse as the beneficiary; (2) the insured redesignates the former spouse as the beneficiary after rendition of the decree; or (3) the former spouse is designated to receive the proceeds in trust for, on behalf of, or for the benefit of a child or a dependent of either former spouse.
>
> (b) If a designation is not effective under Subsection (a), the proceeds of the policy are payable to the named alternative beneficiary or, if there is not a named alternative beneficiary, to the estate of the insured.

Here, the Policy designating Sandra as the primary beneficiary and Krystal as the contingent beneficiary was issued in 2014. (Dkt. No. 44-3 at 10). The Decree was effective on June 30, 2022. (Dkt. No. 44 at 1); (Dkt. No. 44-1). Thus, the divorce decree was

6

rendered after the insured—Decedent—had designated the insured's spouse—Sandra—as a beneficiary under a life insurance policy—the Policy— in force at the time of rendition. *See* Tex. Fam. Code § 9.301(a). None of the exceptions apply. The Decree does not designate Sandra as the beneficiary of the Policy. (*See generally* Dkt. No. 44-1). Decedent never redesignated Sandra as the beneficiary after the Decree. And the Policy does not designate Sandra to hold the proceeds in trust for a child or dependent. (*See generally* Dkt. No. 44-3). Because the designation is ineffective, the proceeds pass to the alternate beneficiary—Krystal. *See* Tex. Fam. Code § 9.301(b); (Dkt. No. 44-3 at 10).

Sandra responds that she "seeks to file a new petition in the proper court," challenging the nondisclosure of the Policy during the divorce.[3] (Dkt. No. 51 at 1, 4–5). In Sandra's view, "[t]he outcome of the forthcoming litigation may significantly alter the rights and responsibilities of both parties, and the factual issues presented—particularly concerning asset concealment—cannot be properly adjudicated at the summary judgment stage." (Dkt. No. 51 at 4). But Sandra did not submit any evidence showing that litigation to divide the Policy proceeds exists or is pending. (*See generally* Dkt. No. 51); *see also Nola Spice Designs*, 783 F.3d at 536 (explaining that the nonmovant must "go beyond the pleadings") (quoting *LHC Grp., Inc.*, 773 F.3d at 694). Nor did she submit evidence showing that the Policy was not disclosed during the original divorce proceedings. (*See generally* Dkt. No. 51).

---

[3] Section 9.201 of the Texas Family Code provides that either former spouse may file a suit to divide property not divided or awarded to a spouse in a final decree of divorce. *See also* Tex. Fam. Code § 7.004 (requiring courts to specifically divide or award the rights of each spouse in an insurance policy in a divorce decree).

The only evidence Sandra offers shows that a probate matter "dividing the community property retirement assets" is currently pending. (Dkt. No. 51-1). That evidence does not create a factual dispute. Insurance-policy proceeds are generally non-testamentary. *Tramel v. Est. of Billings*, 699 S.W.2d 259, 262 (Tex. App.—San Antonio 1985, no writ); *see also* Tex. Est. Code § 111.052 (formerly Tex. Prob. Code § 450(a)). What's more, the evidence regarding the pending probate matter does not mention the Policy or reflect that the Policy proceeds are "community property retirement assets."

Sandra also argues that even if the Court does not award her "the full amount of the life insurance proceeds, she is nevertheless entitled to a proportionate share based on the duration of the marriage during which community funds were used to pay the policy premiums." (Dkt. No. 51 at 5). In Texas, "[e]ven though the insured has designated a beneficiary, the surviving spouse is entitled to half the insurance proceeds if the policy was paid for with community property." *Saenz v. Transamerica Life Ins. Co.*, No. 4:16-CV-02568, 2017 WL 635570, at *4 (S.D. Tex. Feb 16, 2017) (citing *Amason v. Franklin Life Ins. Co.*, 428 F.2d 1144, 1146–48 (5th Cir. 1970)). But again, Sandra offers no evidence that community funds paid the premiums. (*See generally* Dkt. No. 51). Without evidence, an argument alone cannot defeat summary judgment. *See Nola Spice Designs*, 783 F.3d at 536.

Because Sandra has failed to offer evidence creating a genuine issue of material fact, Krystal is entitled to judgment as a matter of law on her cross-claim.

## IV.     CONCLUSION

Considering the foregoing analysis, the Court **GRANTS** Krystal Hernandez's First Amended Motion for Summary Judgment, (Dkt. No. 44), and finds that she is entitled to the Policy proceeds.

It is SO ORDERED.

Signed on March 31, 2026.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**